UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>            Plaintiff,<br><br>      v.<br><br>MARC E. KLEIN, an individual; WILLIAM GREEN and STEPHANIE GREEN, individually and doing business as PERK'S BAR; BILLIE J. SHERWOOD, an individual; FLOYD DEATS; DOES I through X; ELAINE TWITCHELL, individually, as surviving spouse of Jory Twitchell, and on behalf of her minor children, R.T., T.T. and C.G.; E.G. "JERRY" TWITCHELL, an individual; NANCY L. FARMER, an individual; and AMANDA PARISH, on behalf of her minor child G.T.,<br><br>            Defendants. | Case No. 4:11-cv-00261-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Defendants' Motion to Dismiss or Remand (Dkt. 17). The matter is fully briefed and at issue. The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the motion

MEMORANDUM DECISION AND ORDER - 1

without a hearing. Having reviewed the record and parties' briefing, the Court will deny the Motion, as more fully expressed below.

## BACKGROUND

On November 11, 2010, Defendant Marc Klein drove his vehicle across the center line, crashing head-on into the on-coming vehicle driven by Defendant Jory Twitchell; Twitchell did not survive the accident. Just prior to the accident, Klein was a customer at Perk's Bar in Mackay, Idaho, where it is alleged that Klein was served alcohol throughout the day. *Compl.*, Dkt. 1 at 5. It is further alleged that Klein's blood alcohol content at the time of the accident was .279. *Id.*

Several family members of Twitchell filed a lawsuit in the District Court of the Seventh Judicial District of Idaho in the County of Butte against Klein, Perk's Bar, and various others, for damages and relief stemming from the accident. *Id.* at 3-4. The defendants in that state court matter, William and Stephanie Green, tendered defense of the suit to Safeco Insurance Company of Illinois, Plaintiff here. *Id.* at 5-6. Safeco accepted tender, but filed the action before this Court for declaratory judgment that it has no duty to defend or indemnify the Greens in the state court matter. *Id.* at 5-6. Safeco retained the firm of Lopez and Kelly, PLLC, to represent the Greens in state court, pending the resolution of this matter. *Id.*

Defendants in this matter, including the Greens, now move to dismiss for lack of jurisdiction, or to remand the matter to state court.

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Under the Declaratory Judgment Act, the federal courts have the power to declare the rights and legal relations of a party seeking the declaration, which "shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). An action under the Act must present "an actual case or controversy" under the U.S. Constitution, and "fulfill statutory jurisdictional prerequisites." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998). In addition, the federal court before which the action is brought must "be satisfied that entertaining the action is appropriate." *Id.* at 1223. Whether to maintain jurisdiction over an action for declaratory relief is within the federal court's discretion. *Brillhart v. Excess Insur. Co. of Amer.*, 316 U.S. 491, 494 (1942).

There is no bar to an insurer's invocation of diversity jurisdiction for declaratory judgment on an issue of coverage. *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992). Indeed, such matters are routinely before the federal district courts. Rather, the courts have identified – though not exhaustively – several factors to consider in deciding whether to maintain jurisdiction. *See Dizol*, 133 F.3d at 1225. These factors include: (1) avoiding determinations of purely state law issues; (2) discouraging forum shopping by bringing declaratory actions in federal court; and (3) avoiding duplicative litigation where "parallel state proceedings involving the same issues and parties" are already pending upon commencement of the federal declaratory action. *Id.*; *see also*

*Brillhart*, 216 U.S. at 496-98.  In addition, the district court may consider whether the declaratory action

> will settle all aspects of the controversy, . . . [will] clarify[ ] the legal relations at issue, . . . is being sought merely for [tactical advantage], . . . will result in entanglement between federal and state court systems . . . [or is warranted for] the convenience of the parties, and the availability and relative convenience of other remedies.

*American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)(J. Garth, concurring).

As to the concern for duplicative litigation, the Court finds that the pending state proceedings involving Defendants, while pending at the time this federal action was filed and involving some of the same factual issues, do not parallel these proceedings.  The state court action concerns the car accident that claimed Jory Twitchell's life.  Safeco itself is not, and cannot be, named as a party in the state court proceeding, as there is no direct action statute in Idaho that would allow an insurance carrier to be sued directly or joined as a party defendant.  *See Pocatello Indus. Park Co. v. Steel West, Inc.*, 621 P.2d 399, 407 (1980).

In the action before this Court, the parties and issues focus on the contract for insurance coverage by Safeco of Defendants William and Stephanie Green.  The issue of coverage for the Greens will necessarily require an examination of facts which are critical to the state court liability action.  So while the key issues of liability in the state court case, and coverage in the federal court case, are distinguishable, there are undeniably overlapping factual questions and circumstances between the two matters.  *See American*

*Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). Nonetheless, because the critical issues in the two cases are distinct, this factor weighs in favor of maintaining jurisdiction.

The Court next considers whether this action involves purely state law issues. Safeco's complaint requests declaratory judgment that it is not required to indemnify or defend the Greens in the pending state court action, under the Greens' insurance policy. This requires interpretation of an insurance contract under Idaho law. There do not appear to be any unsettled or complex issues best left for a state court to resolve. *See Merritt*, 974 F.2d at 1199 (there is no authority barring an insurer from invoking federal diversity jurisdiction to bring a declaratory action on an issue of insurance coverage). But there are no other claims joined with the action for declaratory relief such that remand of the declaratory action would result in piecemeal litigation. *Dizol*, 133 F.3d at 1225-26. On balance, the Court finds that this factor – concerning determination of state law issues – weighs neither for nor against remand.

Regarding the question of forum shopping, the Court looks to a Ninth Circuit decision in *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011). Citing another prior decision, the court noted, "we held that when an insurer filed a declaratory judgment action in federal court 'during the pendency of a non-removable state court action presenting the same issues of state law,' and the insurer did so merely to obtain 'a tactical advantage from litigating in a federal forum,' the 'defensive or reactive' nature of the insurer's action warranted dismissal. *Continental Cas. Co. v.*

**MEMORANDUM DECISION AND ORDER - 5**

*Robsac Indus.*, 947 F.2d 1367, 1371-72 (9th Cir. 1991), *overruled in part on other grounds by Dizol*, 133 F.3d at 1220. However, the issues raised here are not identical to those in the underlying state action, in the manner described by the court in *R.R. Street*.

It bears repeating that there is no legal basis to bar an insurer from pursuing an action for declaratory relief concerning insurance coverage in the federal district court. *Merritt*, 974 F.2d at 1199. On consideration of the relevant factors, the Court finds no basis to dismiss this matter or remand to state court. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED THAT** Defendants' Motion to Dismiss (Dkt. 17) is **DENIED**.

DATED: December 9, 2011

B. Lynn Winmill
Chief Judge
United States District Court