UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>                    Plaintiff,<br>   v.<br><br>MARC E. KLEIN, an individual; WILLIAM GREEN and STEPHANIE GREEN, individually and doing business as PERK'S BAR; BILLIE J. SHERWOOD, an individual; FLOYD DEATS; DOES I through X; ELAINE TWITCHELL, individually as surviving spouse of Jory Twitchell, and on behalf of her minor children, R.T., T.T. and C.G.; E.G. "JERRY" TWITCHELL, an individual; NANCY L. FARMER, an individual; and AMANDA PARISH, on behalf of her minor child G.T.,<br><br>                    Defendants. | Case No. 4:11-cv-00261-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 50). The matter is fully briefed, and the Court heard oral argument on July 11, 2011. Being familiar with the record and having considered the parties' oral and written arguments, the Court will grant the Motion, for the reasons stated below.

# BACKGROUND

On November 11, 2010, Defendant Marc Klein drove into oncoming traffic, causing fatal injuries to Jory Twitchell.  At the time of the accident, Klein's blood alcohol content was .279.  *Compl.*, Dkt. 1 at 5.  Twitchell's family filed a wrongful death action against Klein, and Defendants William and Stephanie Green, owners of Perk's Bar.  The suit claims that Klein was served alcohol at Perk's Bar despite being obviously drunk, making them liable for Twitchell's death.  *Id.* at 3-4.

The Greens tendered their defense to Safeco Insurance Company of Illinois, the Plaintiff here.  *Id.* at 5-6.  Although it accepted tender, Safeco retained another firm to represent the Greens in the Twitchells' suit.  *Id.* at 5-6.  Safeco filed this action for declaratory judgment, claiming that it has no duty to defend or indemnify the Greens.  Safeco now moves for summary judgment.

# LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . .." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere

.

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

Defendants William and Stephanie Green was insured by Safeco under a homeowner's insurance policy in effect on the date of the accident which claimed Jory Twitchell's life. *Policy*, Ex. A to *Skinner Aff.*, Dkt. 51-1. Twitchell's family sued the Greens – as owners of Perk's Bar – in state court, for allegedly providing the alcohol that caused Twitchell's death. At issue here is whether the Greens' policy covers their defense and indemnification of the Twitchells' suit and, if so, whether any policy exclusion applies.

In their briefs and at oral argument, the parties focused on whether coverage was precluded by the "business" activities exclusion in the Greens' policy. However, the Court will first address another argument raised by Safeco – whether the Greens violated the Policy's cooperation clause. The cooperation clause provides: "the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury." *Policy* (Ex. A to *Skinner Aff.*), Dkt. 51-1 at 42. On May 1, 2012, William Green signed a

Stipulation in which he admitted liability, and stipulated to judgment for plaintiffs in the amount of $1,000,000.[1]  *Stipulation* (Ex. M to *Skinner Aff.*), Dkt. 57 at 7-14.  Safeco contends that, by signing the Stipulation, Green volunteered payment and assumed obligations in violation of the no-voluntary-payment provision of the cooperation clause.

The Idaho Supreme Court has held generally that violations of an insurance policy's cooperation clause "will not release the insurer unless [the insurer] is prejudiced by the violation."  *Farley v. Farmers Ins. Exchange*, 415 P.2d 680, 683 (Idaho 1966); *Leach v. Farmer's Auto. Interinsur. Exchange*, 213 P.2d 920, 923 (Idaho 1950). Courts in Alaska, California, and Washington generally agree and require an insurer to show prejudice from an insured's cooperation clause violation.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011) (citing *Estes v. Alaska Ins. Guar. Ass'n*, 774 P.2d 1315, 1318 (Alaska 1989)); *Trishan Air, Inc. v. Federal Ins. Co.*, 635 F.3d 422, 432 n.14 (9th Cir. 2011); *Goodstein v. Continental Cas. Co.*, 509 F.3d 1042, 1056-57 n.17 (9th Cir. 2007) (citing e.g. *Ore. Auto. Ins. Co. v. Salzberg*, 535 P.2d 816, 819 (Wash. 1975)). However, the Idaho courts have yet to specifically address a cooperation clause violation that involves breach of a no-voluntary-payment clause, as here.

The purpose of a no-voluntary-payment clause is to protect the insurer "against coverage by fait accompli."  *Belz v. Clarendon Am. Insur. Co.*, 158 Cal.App.4th 615, 628

---

[1] The Stipulation also provides that plaintiffs in that action will not execute judgment on Green's assets, or the assets of Perk's Bar; rather, "[e]xecution to satisfy the judgment may come solely from proceeds obtained through insurance policy coverages, insurance claims and/or legal claims against Safeco." *Stipulation*, Dkt. 57 at 7-8.  On July 9, 2012 – two days before oral argument in this matter – Idaho's Seventh Judicial District Court in Butte County entered Judgment against Green d/b/a Perk's Bar in the amount of $1,000,000, granting the parties' unopposed motion for judgment.  *Judgment* (Ex. N to *Skinner Aff.*), Dkt. 57 at 18-19.

**MEMORANDUM DECISION AND ORDER - 5**

(Cal.App. 2 Dist. 2008), citing *Jamestown Builders, Inc. v. General Star Indemnity Co.*, 77 Cal.App.4th 341, 346 (Cal.App. 1999).  In other words, once the insurer has agreed to provide a defense, an insured cannot settle the matter without notice to the insurer, and thereby strip the insurer of its ability to defend.

In applying state law, the federal courts may look to "well reasoned decisions from other jurisdictions." *State Farm Mut. Ins. Co. v. Davis*, 937 F.2d 1415, 1418 (9th Cir. 1991).  Regarding the need to show prejudice due to breach of a no-voluntary-payment clause, authorities are split.  For example, the New Mexico Supreme Court required a showing of prejudice in *Roberts Oil Col, Inc. v. Transamerica Insur. Co.*, 833 P.2d 222 (1992).  But, in so holding, the court spent considerable time distinguishing a contrary holding by the Massachusetts Supreme Judicial Court in *Augat, Inc. v. Liberty Mut. Insur. Co.*, 571 N.E.2d 357 (Mass. 1991).  *Roberts Oil*, 833 P.2d at 232.  The *Augat* court had concluded that a showing of prejudice is unnecessary because the no-voluntary-payment clause so clearly denies the insurer an opportunity to protect its interests.  *Augat*, 571 N.E.2d at 361.

Courts in California have held that an insurer need not show prejudice where a voluntary payment clause has been breached *before* tender of defense.  *Truck Ins. Exchg. v. Unigard Ins. Co.*, 79 Cal.App.4th 966, 976 (Cal.App. 2 Dist. 2000).  This is because, before the insured tenders defense of a third-party action to its insurer, the duty to defend has yet to arise.  *Id.* (citing *Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*, 959 P.2d

265 (Cal. 1998)). That case is distinguishable because here, the Greens had tendered their defense to Safeco before settling with the Twitchells.

The Court here agrees with the *Roberts Oil* court – to escape the duty to indemnify, an insurer must, at a minimum, demonstrate that the purpose of the no-voluntary-payment clause was undermined. For this analysis, the Court finds a decision from the U.S. District Court for the Eastern District of Wisconsin – although out of circuit – particularly apt. *West Bend Co. v. Chiaphua Industries, Inc.*, 112 F.Supp.2d 816 (E.D. Wis. 2000). The plaintiff in that case, retailer West Bend, sold a popcorn popper that allegedly caused a fire in the purchaser's home. *Id.* at 818. West Bend had been named as an insured under a liability policy with defendant Royal Insurance Company. *Id.* at 818-19. That policy prohibited West Bend from making a voluntary payment or assuming any obligation, except at their own cost, without Royal's consent.[2] *Id.* at 819. In a lawsuit over damages from the house fire, West Bend settled for $120,000. *Id.* at 820. Later, upon notice, Royal refused to indemnify West Bend, citing breach of the notice and voluntary payment provisions of its policy. *Id.*

In granting summary judgment to Royal, the district court held that West Bend's settlement breached the voluntary payment clause.[3] *Id.* at 824. Given the facts before it, the court held that prejudice was inherent; in other words, plaintiff, through its "flagrant

---

[2] The policy also obligated insureds to provide prompt notice to Royal of any suit, claim, or occurrence that may result in a claim against an insured. *West Bend*, 112 F.Supp.2d at 819.

[3] The district court also found that West Bend's delay in notifying defendants of the claim created a presumption of prejudice that West Bend could not rebut; that is, "the only reasonable conclusion a jury could reach is that Royal *was* prejudiced by West Bend's late notice." *West Bend*, 112 F.Supp.2d at 823.

**MEMORANDUM DECISION AND ORDER - 7**

breach of the voluntary payments clause . . . deprived Royal of its contractual right to control the settlement process." *Id.* at 826.

The Court here finds that the Greens' settlement of the wrongful death matter, without input from Safeco, is a similarly flagrant breach. Defendants' counsel acknowledged at oral argument that Safeco and its attorneys were not notified of the settlement agreement reached between the Greens and the Twitchells until it was a fait accompli.

Were the Greens faced with having to defend against the Twitchells' wrongful death action while litigating whether Safeco would indemnify them for it, the Court might reach a different result. The Arizona Supreme Court discussed such a situation in *United Svs. Auto. Ass'n v. Morris*, 741 P.2d 246 (Ariz. 1987), where defendants faced a possible jury verdict exceeding their policy limit, or that might otherwise have gone uncovered. *Id.* at 251. The *Morris* court found the defendants' settlement reasonable, given the insurer's reservation of rights, which allowed the insurer a chance to escape indemnification if the claimant prevailed at trial. *Id*. Accordingly, the court held that a prohibition against settling only forbids settlement of "claims for which an insurer unconditionally assumes liability under the policy." *Id.* at 252.

But here, the parties agreed to stay proceedings in the wrongful death suit against the Greens and Perk's Bar on January 31, 2012. *Docket from Butte County* (Ex. O to *Skinner Aff.*), Dkt. 57 at 24. The stay permitted them to first resolve the coverage question. By settling with the Twitchells, absent justification, the Greens violated their

policy's voluntary payment clause. At a minimum, the facts support a presumption of prejudice that the Greens have a burden to rebut – which they have not. As in *West Bend*, the Court finds that "the only reasonable conclusion a jury could reach" is that Safeco was prejudiced by the Greens' settlement with the Twitchells. That is, the Greens' settlement having been entered, and the Twitchells' suit resolved, Safeco is precluded from discovering what settlement or other resolution it could have reached. The purpose of the no-voluntary-payment clause was thus undermined.

The Court concludes that the Greens violated the voluntary payment provision in its policy, and have not rebutted the presumption that Safeco was prejudiced by their actions. As a result of the Greens' breach, Safeco is excused from its duty to indemnify the Greens. The Court need not address the remaining issues raised by Safeco. Based on the Court's analysis above, Plaintiff's Motion for Summary Judgment will be granted, and this matter dismissed in its entirety.

## ORDER

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. Plaintiff's Motion for Summary Judgment (Dkt. 50) is **GRANTED**.

2. As a result of the breach of no-voluntary-payment clause by Defendants William and Stephanie Green, Plaintiff Safeco is excused from its duty to indemnify the Greens.

3. This matter is dismissed in its entirety. Judgment will be issued separately.



DATED: October 3, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 10**